NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-CV-140-JBC

ANTHONY LAWAYNE MOON                                                         PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

STEVEN DEWALT, et al.                                                        RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Anthony Lawayne Moon, an inmate at the Federal Medical Center, in Lexington, Kentucky, has submitted a *pro se* Petition for writ of Habeas corpus, pursuant to 28 U.S.C. § 2241, together with several motions. After his Motion to Proceed *in forma pauperis* was denied, he paid the District Court filing fee.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). During screening, the allegations in the Petition are taken as true and liberally construed in Petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). As Petitioner is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court may dismiss the petition at any time, or make any such

disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## CLAIMS

Petitioner claims that his conviction is invalid for several reasons.

## ALLEGATIONS

Petitioner Moon has submitted a handwritten Petition to which he has attached exhibits, mostly photocopies of articles. Reading these submissions together, this Court construes the allegations as follows:

The Petitioner states that the criminal prosecution against him began in Knoxville, Tennessee, on September 24, 2003, with the authorities' discovery of a large amount of currency and 2.25 kilograms of cocaine. On October 4, 2004, Moon pleaded guilty to one count of possession with intent to distribute five kilograms or more of cocain hydrochloride, in violation of Title 21 of the United States Code, Section 841(a)(1).

On Moon's appeal of his conviction, with appointed counsel, both his conviction and sentence were affirmed by the United States Court of Appeals for the Sixth Circuit in an unpublished opinion, and the Supreme Court denied his *pro se* petition for *writ of certiorari* on October 1, 2007. *Anthony L. Moon v. United States*, 128 S.Ct. 153 (2007).

Moon alleges that the trial court lacked both personal and subject matter jurisdiction to prosecute and convict him; that Titles 18, 21, and 28 of the United

States Code are void and unconstitutional; that the crime was not properly defined by federal authorities; that the crime did not take place on federal land; that his due process rights were violated; and that the conviction is void due to some unspecified fraud.

Petitioner seeks immediate release.

## DISCUSSION

The general rule is that 28 U.S.C. § 2241 permits challenges to official action affecting execution of sentence, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th cir. 1999). It is 28 U.S.C. § 2254 for state prisoners or § 2255 for federal prisoners which relate to conviction and/or imposition of sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

Accordingly, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). That statute specifically provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

3

Because the instant Petitioner actually seeks to challenge his conviction and sentence on exact grounds listed in Section 2255, it is obvious that Section 2255 is the proper statute for him to use and bring the instant challenge to the trial court where he was convicted. That is not the end of the matter, however.

The same statute also includes a paragraph, commonly called the "savings clause" of Section 2255. In another subsection, the statute permits a prisoner to seek habeas corpus relief under Section 2241, if, and only if, his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). Therefore, in recognition of Moon's *pro se* status, this Court liberally construes this Petition to contain an invocation of Section 2255's savings clause.

Case law interpreting the savings clause has clarified that Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction or sentence under pre-existing law. *See Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d at 756. Nor does a time bar make a Section 2255 motion inadequate or ineffective. *Id.*

Subsequently, in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit added a second requirement to a prisoner's use of 28 U.S.C. § 2241, in order to raise a matter relating to his conviction or sentence obtained in another District

4

Court. It ruled that, in addition to showing that a Section 2255 motion is inadequate or ineffective, the prisoner's claim must be one of "actual innocence."

The *Martin* court explained that an actual innocence claim arises when a petitioner was convicted under a criminal statute, and thereafter the Supreme Court issued a decision that more narrowly interprets the terms of that statute, such that there is a risk that the petitioner was convicted of conduct that the law does not make illegal. Hence, the petitioner is rendered "actually innocent" of the crime of which he was convicted.

Therefore, the savings clause of Section 2255 can permit use of another court's Section 2241 jurisdiciton in the district of his confinement, but it is conditioned upon a demonstration of the inadequacy and ineffectiveness of a remedy via a Section 2255 motion to the trial court and also upon his presenting a claim of actual innocence. This is a high threshold under *Charles* and *Martin*, one which the instant Petitioner fails to cross.

Moon offers no reason for why or how his remedy via a Section 2255 motion to the trial court is or was inadequate or ineffective; nor does he urge a claim that he is actually innocent of his conviction based on a new case from the Supreme Court of the United States defining the offense. Because the instant Petitioner has failed to meet the two conditions for this Court to use its 28 U.S.C. § 2241 jurisdiction to entertain a challenge to the conviction and/or sentence obtained elsewhere, the Court concludes that the Petitioner has failed to state a claim upon which this Court may grant relief.

Accordingly, **IT IS ORDERED** as follows:

(1) Anthony Lewayne Moon's Petition for Writ of Habeas Corpus is **DENIED**;

(2) this action will be **DISMISSED**, *sua sponte*, from the Court's docket;

(3) Petitioner's pending Motion for Release on Bail [Record No. 5] and his "Plea to Demand Three Judges Article III Panel to Declare Acts of Congress Unconstitutional . . ." [Record No. 7] are **DENIED** as moot; and

(4) Judgment shall be **ENTERED** contemporaneously with this Memorandum Opinion and Order in favor of the Respondents.


Signed on  May 28, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY